United States District Court
Northern District of California

INGENUITY13 LLC,

        Plaintiff,

   v.

JOHN DOE,

        Defendant.

Case No.: CV 12-04449 SC (KAW)

ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO TAKE EXPEDITED DISCOVERY

## I. INTRODUCTION

On September 12, 2012, this matter was referred to U.S. Magistrate Judge Kandis A. Westmore for discovery purposes.

In this action, Plaintiff Ingenuity13 LLC asserts claims for copyright infringement pursuant to 17 U.S.C. § 101 *et seq*. Plaintiff claims to have identified the Internet Protocol ("IP") address of the allegedly infringing John Doe defendant. Dkt. No. 1. On September 7, 2012, Plaintiff filed an *ex parte* application for permission to take limited, expedited discovery in order to obtain the name and contact information of the individual associated with the unique IP address. Dkt. No. 6 at 2. Plaintiff requests that the Court allow it to serve a subpoena on Comcast Cable Communications LLC, Doe's likely Internet Service Provider ("ISP"), to obtain information identifying Doe defendant so that it can complete service of process. *Id.* at 3-5. Plaintiff also requests that the Court allow it to serve subpoenas to a lessee ISP should it turn out that Comcast was leasing the IP address to a third-party ISP that provides the actual online connectivity services to Doe. *Id.* at 2; Hansmeier Decl., Dkt. No. 6-1 at 10, ¶ 30.

As discussed below, Plaintiff has demonstrated that: (1) the Doe defendant is a real person who may be sued in federal court; (2) it has attempted unsuccessfully to identify the Doe defendant prior to filing this motion; (3) its infringement claims against Doe could survive a

motion to dismiss; and (4) there is a reasonable likelihood the service of the proposed subpoenas on the ISPs would lead to information identifying Doe. The Court therefore finds that good cause exists to allow Plaintiff to engage in this preliminary discovery. Accordingly, the Court GRANTS Plaintiff's motion as specifically stated below.

## II. BACKGROUND

Plaintiff is a limited liability company based in the Federation of Saint Kitts and Nevis, and is a copyright holder of adult entertainment videos. Dkt. No. 1. It alleges that it owns the exclusive copyright of the work at issue, an adult video entitled "Five Fan Favorites" (hereinafter the "Video"). *Id.* at 2, ¶¶ 2-3. According to Plaintiff, the Doe defendant illegally reproduced and distributed the copyrighted work to numerous third parties via BitTorrent, a peer-to-peer file sharing network. *Id.* at 6, ¶22. Based on this conduct, Plaintiff asserts that Doe has infringed on its exclusive rights to the Video, as protected under the Copyright Act of 1976, 17 U.S.C. § 501 *et seq.*, thereby causing economic and reputation damages to Plaintiff. *Id.* at 10.

Plaintiff also claims that Doe's making the Video available to other BitTorrent users constitutes contributory infringement, as he was fully conscious that his actions would result in others unlawfully downloading Plaintiff's Video. *Id.* at 8, ¶¶ 35-38. In addition, Plaintiff contends that Defendant profited from this contributory infringement because, by distributing the Video, he obtained access to other copyrighted works being illegally distributed by other users. *Id.* at 8, ¶39.

Since the peer-to-peer file sharing network that Doe utilized is partially anonymous, Plaintiff does not know Defendant's name and address, and, as a result, is unable to complete service of process on him/her. Dkt. No. 6 at 6. However, Plaintiff has been able to identify Doe's unique IP address and the date and time that Doe allegedly infringed on Plaintiff's Video. *Id*. Additionally, Plaintiff has identified Comcast Cable Communications LLC ("Comcast") as the assignee of Defendant's IP address, and likely ISP. *Id*. at 4. However, it is possible that Comcast is a lessor ISP, which leases excess IP addresses to third-party "intermediary ISPs," which would have the contractual relationship with John Doe, and, therefore, access to Doe's personal contact information. Hansmeier Decl., Dkt. No. 6-1 at 10, ¶ 30. For those reasons, Plaintiff requests that,

pursuant to Federal Rules of Civil Procedure 26(d), the Court grants it leave to serve a Rule 45 third-party subpoena on Comcast Communications Cable LLC, as well as an intermediary ISP if the IP address is being leased to a third-party, so that Plaintiff may obtain the subscriber name and contact information for John Doe to effect service of process before the subscriber data is destroyed pursuant to the ISP's data retention policy. *Id.* at 4.

### III. DISCUSSION

#### A. Legal Standard

A court may authorize early discovery before the Rule 26(f) conference for the parties' and witnesses' convenience and in the interest of justice. Fed. R. Civ. P. 26(d); Civil L.R. 7-10 (2012). Courts within the Ninth Circuit generally consider whether a plaintiff has shown "good cause" for the early discovery. *See, e.g., IO Group, Inc. v. Does 1-65,* No. C 10-4377 SC, 2010 WL 4055667, at *2 (N.D. Cal. Oct. 15, 2010). When the identity of a defendant is unknown before the complaint is filed, a plaintiff "should be given an opportunity through discovery to identify the unknown defendants unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980).

In evaluating whether a plaintiff establishes good cause for attempting to learn the identity of Doe defendants through early discovery, courts examine whether plaintiff (1) has identified the Doe defendants with sufficient specificity that the court can determine that the defendants are real people who can be sued in federal court, (2) has recounted the steps it has taken to locate and identify the defendant, (3) has demonstrated that the action can withstand a motion to dismiss, and (4) has proved that the discovery is likely to lead to identifying information that will permit service of process. *Columbia Ins. v. seescandy.com,* 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).

#### B. **Plaintiff has Shown Good Cause to Permit Early Discovery**

Plaintiff has made a sufficient showing under each of the four factors listed above to establish good cause to permit it to engage in early discovery to identify John Doe.

///

///

1   First, Plaintiff has identified John Doe with sufficient specificity by providing the unique
2   IP address assigned to him/her on the approximate date and time Plaintiff alleges Defendant
3   engaged in the infringing conduct. Dkt. No. 1.

4   Second, Plaintiff has adequately described the steps taken to locate and identify Doe.
5   Specifically, Plaintiff investigated and collected data on the unauthorized distribution of copies of
6   Plaintiff's Video on BitTorrent-based peer-to-peer networks. Hansmeier Decl., Dkt. No. 6-1 at
7   7-9, ¶¶ 20-27. The Complaint includes Defendant's IP address, identifies Comcast as the likely
8   ISP, and provides the date and time around which Defendant infringed on its copyrighted work.
9   Dkt. No. 1 at 6, ¶¶ 22-23. However, despite employing propriety peer-to-peer network forensic
10  software that provides real-time monitoring of the BitTorrent-based swarm involved in
11  distributing the Video, due to the relative anonymity of peer-to-peer networks, Plaintiff is unable
12  to further identify Defendant without leave to perform expedited, third-party discovery. *Id.* at 6;
13  Dkt. No. 6 at 4.

14  Third, Plaintiff has pled the essential elements to state a *prima facie* claim for copyright
15  infringement. Dkt. No. 1 at 7; Dkt. No. 6 at 9.

16  Fourth, Plaintiff has demonstrated that the proposed subpoena seeks information likely to
17  lead to the identifying information necessary for it to effect service of process on Defendant.
18  Specifically, the proposed subpoena requests that Comcast (or the third-party ISP leasing the IP
19  address from Comcast) produce information sufficient to identify the subscriber, including name,
20  current (and permanent) address, telephone number, email address, and media access control
21  address. Dkt. No. 6-3 at 2.

22  In light of the above, the Court finds good cause to grant Plaintiff leave to conduct early
23  discovery to identify Defendant John Doe. Further, the Court finds that permitting Plaintiff to
24  engage in limited, early discovery is consistent with Rule 26(d), as it furthers the interest of
25  justice and poses little, if any, inconvenience to the subpoena recipients.

26  ## IV. CONCLUSION

27  For the reasons set forth above, the Court GRANTS Plaintiff Ingenuity13's *Ex Parte*
28  Application for Leave to Take Expedited Discovery as follows:

4

1. Plaintiff shall immediately serve a Rule 45 subpoena on Comcast Cables Communications LLC ("Comcast"), the Internet Service Provider (ISP) identified in Plaintiff's *Ex Parte* Application for Leave to Take Expedited Discovery as servicing IP address 67.160.239.96, including the subscriber's name, current (and permanent) address, telephone number, e-mail address, and Media Access Control address. The subpoena shall have a copy of this Order attached.

2. Should Plaintiff discover that Comcast leased the identified IP address to a third-party provider, and so does not have access to the subscriber's contact information, Plaintiff shall immediately serve a Rule 45 subpoena upon that third-party lessee seeking the subscriber's name, current (and permanent) address, telephone number, e-mail address, and Media Access Control address. The subpoena shall have a copy of this Order attached.

3. Should any entity subpoenaed pursuant to this Order wish to move to quash the subpoena, it must do so within thirty (30) days from the date of service.

4. The subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.

5. The ISPs will have thirty (30) days from the date of service upon them to serve the subscriber of the IP address with a copy of the subpoena and a copy of this Order. The ISPs may serve the subscriber using any reasonable means, including written notice sent to the subscriber's last known address, transmitted either by first-class mail or via overnight service.

6. The subscriber shall have thirty (30) days from the date of service upon them to file any motion in this court contesting the subpoena (including motion to quash or modify the subpoena). If that 30-day period lapses without the subscriber contesting the subpoena, the ISPs shall have ten (10) days to produce the information responsive to the subpoena to Plaintiff.

7. Plaintiff and any entity which receives a subpoena shall confer, if necessary, with respect to the issue of payment for the information requested in the subpoena or for resolution of IP addresses which are not controlled by such entity, duplicate IP addresses that resolve to the same individual, other IP addresses that do not provide the name and other information requested of a unique individual, or for the entity's internal costs to notify its customers.

8. Any entity which receives a subpoena and elects to charge for the costs of production shall provide a billing summary and any cost reports that serve as a basis for such billing summary and any costs claimed by such entity.

9. Any information disclosed to Plaintiff in response to this Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in its Complaint.

IT IS SO ORDERED.

DATE: September 24, 2012

_____
KANDIS A. WESTMORE
United States Magistrate Judge